AO 91 (Rev. 11/11) Criminal Complaint

AUSA Shimeall

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) |
| --- | --- |
| v. | ) |
| Adam RAWAHNEH | ) Case No. 2:21-mj-99 |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 7, 2021__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 USC 922(g)(1) | Knowingly Possess a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT IN SUPPORT OF THIS COMPLAINT, INCORPORATED HEREIN BY REFERENCE.

☑ Continued on the attached sheet.

_____
Complainant's signature

Sam Chappell, ATF TFO
Printed name and title

Sworn to before me and signed in my presence.

Date: 2-11-21

_____
Judge's signature

City and state: Columbus, Ohio

Chelsey M. Vascura, U.S. Magistrate Judge
Printed name and title

**PROBABLE CAUSE AFFIDAVIT**
**Adam M. Rawahneh**

I, Samuel Chappell, being duly sworn, depose and state that:

1. I have been an Officer with the Columbus Division of Police (CPD) since 2007. I have been assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Task Force Officer (TFO) since 2017. As a result of my training and experience, I am familiar with state and federal laws pertaining to firearms and narcotics violations, among other offenses.

2. This Affidavit is being submitted in support of an application for a criminal complaint against Adam M. RAWAHNEH for knowingly possessing a firearm in and affecting and interstate commerce after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, all in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) (the TARGET OFFENSE).

3. The facts set forth within this Affidavit come from the Affiant's own personal involvement with the investigation, as well as information provided by other law enforcement officers and reports. The information outlined below does not contain all details or all facts of which I am aware relating to this investigation, but rather is provided for the limited purpose of establishing probable cause that RAWAHNEH committed the TARGET OFFENSE.

4. On or about January 7, 2020, acting pursuant to a felony warrant, members of the United States Marshal's Service (USMS) Southern Ohio Fugitive Apprehension Strike Team (SOFAST) went to 122 S. Hague Ave. to arrest Brandon Roberts for a parole violation. Members of SOFAST observed Mr. Roberts in the top window of 122 S. Hague Ave., in Columbus, Ohio, in the Southern District of Ohio. Members of SOFAST made announcements for the occupants of 122 S. Hague Ave. to come to the door but no one in the home did. Members of SOFAST then forced entry into 122 S. Hague Ave. Officers went up to the second story of the residence and found that the attic of 122 S Hague Ave was connected to the attic of 124 S Hague Ave. Members of SOFAST observed Roberts inside of 124 S Hague Ave.

5. Members of SOFAST held the perimeter and made contact with the occupants of 124 S. Hague Ave. (Mr. William Roberts and Mrs. Elizabeth Roberts) and had them come out of the location. Members of SOFAST asked Mr. and Mrs. Roberts if they were able to enter the location and Mr. and Mrs. Roberts gave members of SOFAST permission to enter.

6. Members of SOFAST located Roberts and RAWAHNEH in 124 S. Hague Ave. Roberts was arrested and RAWAHNEH was asked by to leave the residence by William Roberts. RAWAHNEH, while outside of the residence, asked Elizabeth Roberts if he could get his phone which he had left in the room he was found in. Elizabeth Roberts told RAWAHNEH that she would go retrieve his phone herself. RAWAHNEH waited until no one was looking and went back inside the residence. A member of SOFAST observed RAWAHNEH reentering the residence. SOFAST members went back into the residence and observed RAWAHNEH running up the stairs past Elizabeth ROBERTS. SOFAST members found RAWAHNEH in the room where they originally encountered him. Although he said he wanted to look for his phone, members of SOFAST observed his phone in plain sight, sitting on top of a crate. SOFAST members observed that RAWAHNEH appeared nervous and would not make eye contact. RAWAHNEH was asked if the phone on the crate was his. RAWAHNEH replied that that it

**PROBABLE CAUSE AFFIDAVIT**
**Adam M. Rawahneh**

was. RAWAHNEH was observed looking down at his waist band and quickly tapping it with his hand. Members of SOFAST patted RAWAHNEH down for weapons and located a handgun in the front right waist band of RAWAHNEH's pants. Members of SOFAST removed the firearm and placed RAWAHNEH in custody. The firearm was a loaded Taurus 709 pistol bearing serial number TKM6255.

7. RAWAHNEH and Roberts are both known by law enforcement to be associates of the criminal gang Konvicted Family. Members of the Konvicted Family are commonly known by law enforcement to traffic in weapons and narcotics.

8. Uniformed members of CPD took custody of RAWAHNEH. Upon being told that he was going to be transported to CPD Headquarters to be interviewed, RAWAHNEH began speaking without any provocation from Officers. RAWAHNEH stated that he was inside the house and had been detained. He said that he was then released and asked if he could get his cell phone from upstairs. RAWAHNEH stated that he went upstairs, but his phone was not where he had left it due to the room having been searched by SOFAST.

9. RAWAHNEH stated further that he began looking through stuff for his phone when he located a firearm in the middle of the floor. RAWAHNEH stated that he picked up the firearm and placed it in his waistband. According to RAWAHNEH, he then heard the members of SOFAST coming upstairs, after which he immediately placed his hands up and told them that he had a gun in his waistband. RAWAHNEH repeated these utterances numerous times to Officers during the transport to CPD HQ and through the ID process. Officers' Body Worn Cameras (BWC) and the Cruiser Video System (CVS) captured these utterances from RAWAHNEH.

10. RAWAHNEH was prohibited from possession of a firearm based upon having been previously convicted of the following crime(s) punishable by a term of imprisonment exceeding one year:

    a. Franklin County Court of Common Pleas Case 07CR002034 for Burglary.
    b. Franklin County Court of Common Pleas Case 10CR005939 for Burglary.

11. Your Affiant confirmed via ATF resources that the aforementioned firearm seized from RAWAHNEH on or about January 7, 2021, was not manufactured in the State of Ohio and therefore had previously traveled in interstate commerce to reach the State of Ohio.

12. The aforementioned offenses occurred in Franklin County, Ohio, in the Southern Judicial District of Ohio.

**PROBABLE CAUSE AFFIDAVIT**
Adam M. Rawahneh

13. Based on this information, Your Affiant believes probable cause exists that RAWAHNEH knowingly committed the TARGET OFFENSE, to wit, knowingly possessing a firearm in and affecting and interstate commerce after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, all in violation of 18 U.S.C. §§ 922(g)(1) and 924(a).

_____
ATF TFO Samuel Chappell

Sworn to and subscribed before me this day of _____, Feb 11, 2021, at 021 Columbus, Ohio.

_____
CHELSEY M. VASCURA
U.S. MAGISTRATE JUDGE